Nᴏᴛ Rᴇᴄᴏᴍᴍᴇɴᴅᴇᴅ ғᴏʀ Pᴜʙʟɪᴄᴀᴛɪᴏɴ ᴏʀ Cɪᴛᴀᴛɪᴏɴ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-156-KKC

TROY DERRELL GARDNER                                                                                   PLAINTIFF

VS:           **MEMORANDUM OPINION AND ORDER**

ASTRIDA LEMKINS
and HON. KIMBERLY BUNNELL                                                                DEFENDANTS

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Troy Derrell Gardner, an individual incarcerated in the Fayette County Detention Center, in Lexington, Kentucky, proceeding *pro se*, has submitted a completed form Complaint, initiating a civil rights action pursuant to 42 U.S.C. § 1983, and has been granted permission to proceed *in forma pauperis*.

This matter is before the Court for the screening of the Complaint. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In screening, as with all submissions by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in this Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

For the reasons to be discussed below, this civil action will be dismissed without prejudice.

## CLAIMS

Plaintiff claims that the named Defendants have violated Kentucky's Constitution and its Supreme Court Rules of Court, *i.e.*, the State professional rules of conduct for judges and attorneys.

## DEFENDANTS

As the Defendants, Plaintiff has named Astrida Lemkins, his attorney in a criminal prosecution against him; and Fayette Circuit Court Judge Kimberly Bunnell, the presiding judge.

## RELIEF REQUESTED

Plaintiff seeks a jury trial and damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the *pro se* Plaintiff's allegations. He does not state the crime for which he needed representation in Fayette Circuit Court or whether he is now convicted or a pre-trial detainee. He reveals only that the case has the number 06-CR-1462.

The first dates mentioned by Gardner are from September 18, 2008, through October 10, 2008, when, he alleges, the Defendant attorney solicited him for legal services, did not give him an opportunity to find other counsel, created unjustified expectations in him, did not reduce their representation agreement to writing, but "had me sign over the title to my vehichle [sic]" and went to get the car. At some point Lemkins allegedly and "maliciously" filed a Motion to withdraw as his counsel.

Plaintiff's complaints about the Defendant judge are that she "waived her qualified immunity" because she disregarded the fruit of the poisonous tree doctrine and because on March 20, 2009, she "allowed Honorable Astrida Lemkins to withdraw without giving me reasonable

notice, allowing time for employment of another attorney, delivering to me counsel papers to which I am entitled and returning to me any unearned advance payment of a fee." Record No. 2 at 2.

Therefore, Plaintiff claims, he has been irreparably harmed and is entitled to damages.

## DISCUSSION

To establish a right to relief under § 1983, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The instant Plaintiff fails to allege even the first of these requirements. He alleges violations of Kentucky's Constitution and its Rules of Court – all State, not federal claims. The federal courts are courts of limited jurisdiction. U.S.C.A., Const. Art. 3, §1, *et seq.* As a general matter, "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

A mere violation of state law will not establish a proper claim pursuant to 42 U.S.C. § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citing *Conley v. Williams*, 28 F.3d 1213 (6th Cir. 1994) (unpublished opinion)). As was stated in *Archie v. Racine*, 847 F.2d 1211 (7th Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989), "[a] state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules." *Id.* at 1217. In sum, alleged violations of Kentucky law are not actionable under § 1983. *Pyles v. Raisor*, 60 F.3d

at 1217. This lawsuit must be dismissed from federal court.

Even had there been a federal claim in this Complaint, there is a second fatal flaw in each of Plaintiff's claims, which requires dismissal of this lawsuit. An attorney does not meet the requisite "state actor" component for stating a Section 1983 claim. Therefore, Defendant Lemkins is not a state actor and cannot be subject to liability under § 1983. *See Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir.1998). Although private citizens acting in concert with state officials may be subject to § 1983 liability, *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980), the instant Plaintiff has offered no factual support or evidence upon which a conspiracy could be based. *Elrod v. Michigan Supreme Court*, 104 Fed.Appx. 506, 508 (6th Cir. 2004), *cert. denied*, 543 U.S. 990 (2004).

With regard to Defendant Bunnell, it is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1872). Immunity from a § 1983 suit for money damages is no exception. *See Pierson*, 386 U.S. at 554.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Gardner's civil rights action herein will be **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 18th day of May, 2009.



Signed By:

**_Karen K. Caldwell_**

**United States District Judge**